UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BRANDON DWAINE HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-00185-JRG-CRW |
| | ) | |
| SULLIVAN COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. §1983. More than two weeks ago, the United States Postal Service returned the last order the Court mailed to Plaintiff as undeliverable with a notation indicating that Plaintiff is no longer at the last current address Plaintiff provided to the Court [Doc. 12]. Plaintiff has not communicated with the Court since the return of this mail. Accordingly, for the reasons set forth below, this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to receive the Court's order and/or update his address is due to Plaintiff's willfulness and/or fault, as both the Clerk and the Court have specifically warned Plaintiff that failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action [Doc. 4 p. 1; Doc. 5 at 5].

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, again, both the Clerk and the Court warned Plaintiff that the Court may dismiss this case if he did not timely update his address [Doc. 4 at 1; Doc. 5 at 5].

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Although Plaintiff listed other addresses in his complaint where he may or may not be residing currently [Doc. 1 at 3] and the Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to those addresses, the record establishes that Plaintiff has failed to comply with the Court's clear instructions despite being warned that failure to do so could result in dismissal of this matter.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991). Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

                                                s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE